IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TONYA K., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action No.  ADC-20-2254 |
| | * | |
| KILOLO KIJAKAZI, | * | |
| Acting Commissioner, | * | |
| Social Security Administration | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION

On August 5, 2020, Tonya K. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claim for Disability Insurance Benefits ("DIB") under Title II and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). ECF No. 1 ("the Complaint"). Plaintiff and Defendant filed motions for summary judgment (ECF Nos. 16, 19) on April 19, 2021 and August 26, 2021, respectively.[1] After consideration of the Complaint and the parties' motions, the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 16) is GRANTED, Defendant's Motion for Summary Judgment (ECF No. 19) is DENIED, the SSA's decision is REVERSED, and the case is REMANDED to the SSA for further analysis in accordance with this Opinion.

---

[1] On September 30, 2021, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was assigned to United States Magistrate Judge A. David Copperthite for all proceedings. ECF Nos. 3, 4.

## PROCEDURAL HISTORY

On November 21, 2017, Plaintiff filed both a Title II application for DIB and a Title XVI application for SSI, alleging disability since June 9, 2017. ECF No. 12-3 at 10. Her claim was denied initially on February 28, 2018, and upon reconsideration on June 18, 2018. *Id.* Subsequently, on June 27, 2018, Plaintiff filed a written request for a hearing, and on September 18, 2019, an Administrative Law Judge ("ALJ") presided over a hearing. *Id.* On October 11, 2019, the ALJ rendered a decision that Plaintiff was not disabled under the Act. *Id.* at 22. Plaintiff requested a review of the ALJ's determination, which the Appeals Council denied on June 30, 2020. *Id.* at 1. Thus, the ALJ's decision became the final decision of the SSA. *See* 20 C.F.R. §§ 404.981, 416.1481; *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). On August 5, 2020, Plaintiff then filed the Complaint in this Court seeking judicial review of the SSA's denial of her disability applications. ECF No. 1.

## STANDARD OF REVIEW

"This Court is authorized to review the [SSA]'s denial of benefits under 42 U.S.C.A. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence. Instead, the Court's review of an SSA decision is deferential: "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."). The issue before the reviewing Court is whether the ALJ's finding of nondisability is supported by substantial evidence and based upon a correct application of the relevant law. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) ("[A] reviewing court must uphold the [disability] determination when an ALJ has applied correct legal

2

standards and the ALJ's factual findings are supported by substantial evidence." (citations omitted)).

"Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citations omitted). In a substantial evidence review, the Court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citations omitted). Therefore, in conducting the "substantial evidence" inquiry, the Court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB or SSI, a claimant must establish that she is under disability within the meaning of the Act. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant shall be determined to be under disability where "[her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage

3

in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii),

4

404.1520(d), 416.920(a)(4)(iii), 416.920(d). *See Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. §§ 404.1520(e), 416.920(a)(4)(iv). "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. §§ 404.1529(a), 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b). Once the claimant makes that threshold showing, the ALJ must then evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). At this second stage, the ALJ must consider all of the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. §§ 404.1529(c), 416.929(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. *See generally* SSR 96-7p, 1996 WL 374186 (July 2, 1996). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments she has received for her symptoms, medications, and any other factors contributing to functional limitations. *Id.* at *3.

However, the ALJ may not "disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not differentiate them." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting SSR 16-3p, 2016 WL 1119029, at \*5 (Mar. 16, 2016) (citations omitted)). Requiring objective medical evidence to support a plaintiff's subjective evidence of pain "improperly increases [Plaintiff's] burden of proof." *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017).

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(e), 416.920(a)(4)(iv), 416.920(e).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. Claimant has the burden of proof during steps one through four of the evaluation. 20 C.F.R. §§ 404.1520, 416.920; *see Radford*, 734 F.3d at 291. However, the burden of proof shifts to the ALJ at step five to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC, and (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73. If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ALJ DETERMINATION

The ALJ performed the sequential evaluation and found at step one that Plaintiff had not

engaged in substantial gainful activity since the alleged onset date of June 9, 2017. ECF No. 12-3

at 13. At step two, the ALJ found that Plaintiff had severe impairments of depression, bipolar

disorder, post-traumatic stress disorder ("PTSD"), anxiety, asthma, sarcoidosis, and obesity. *Id.* At

step three, the ALJ determined that Plaintiff did not have an impairment or combination of

impairments that met or medically equaled the severity of one of the listed impairments in 20

C.F.R. pt. 404, subpt. P, app. 1. *Id.* At step four, the ALJ determined that Plaintiff had the RFC:

> [T]o perform sedentary work as defined in 20 CFR 404.1567(a) and
> 416.967(a) except she can occasionally climb ramps and stairs,
> never climb ladders, ropes, or scaffolds, occasionally balance, stoop,
> kneel, crouch, never crawl, and never work at unprotected heights
> or near moving mechanical parts. She can have frequent exposure to
> extreme heat and cold, and occasional exposure to chemicals and
> irritants, such as fumes, odors, dusts, gases, and poorly ventilated
> areas. She will be off task 5% of the time for breaks; she needs a
> sit/stand option every 60 minutes at the workstation for 5 minutes;
> she can perform simple, routine tasks; and she can have occasional
> interaction with co-workers, with the public and with supervisors.

*Id.* at 15. The ALJ then found that Plaintiff was unable to perform any past relevant work. *Id.* at

20. Finally, at step five, the ALJ found that there were "jobs that exist in significant numbers in

the national economy that [Plaintiff] can perform," after considering Plaintiff's age, education,

work experience, and RFC. *Id.* at 21. Thus, the ALJ concluded that Plaintiff "has not been under

a disability, as defined in [the Act]" from June 6, 2017 through October 11, 2019, the date of the

ALJ's decision. *Id.* at 22.

## DISCUSSION

On appeal, Plaintiff argues that the ALJ's RFC determination was not supported by

substantial evidence because she failed to provide an accurate and logical bridge between

7

Plaintiff's mental limitations and the RFC determination. ECF No. 16-1 at 12. In particular, Plaintiff points to the ALJ's failure to explain why the evidence supported a 5% reduction in productivity. *Id.* I find Plaintiff's argument compelling.

In determining RFC specifically, an ALJ must consider the entire record, including opinion evidence, impairments that are not severe, and any limitations the ALJ finds. 20 C.F.R. § 404.1545(a) (ordering the ALJ to consider the entire record); SSR 96-8p, 1996 WL 374184, at *1 (defining the RFC as an assessment of an individual's ability to perform vocational-related physical and mental activities). "The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

Social Security Ruling ("SSR") 96-8p provides the proper framework for evaluating Plaintiff's RFC. Specifically, the Ruling states:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, 1996 WL 374184, at *7 (footnote omitted). "[T]he [RFC] 'assessment must first identify the individual's functional limitations or restrictions and assess [her] work-related abilities on a function-by-function basis, including the functions' listed in the regulations. Only after that may [RFC] be expressed in terms of the exertional levels of work[:] sedentary, light, medium, heavy, and very heavy." *Mascio*, 780 F.3d at 636 (footnote and citation omitted) (quoting SSR 96-8p, 1996 WL 374184). The Fourth Circuit, however, found that a per se rule requiring remand is inappropriate simply because an ALJ does not perform "an explicit function-by-function analysis,"

8

explaining "remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)). Remand may be appropriate, however, " where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The ALJ must "build an accurate and logical bridge" between the record evidence and the ALJ's RFC finding. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)); *see also Deborah P. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-1850, 2019 WL 1936721, at *2 (D.Md. Apr. 30, 2019).

The Fourth Circuit concluded that remand is proper where the ALJ fails to explain why a Plaintiff's "moderate limitation in concentration, persistence, or pace" does not "translate into a limitation in [Plaintiff's] residual functional capacity." *Mascio*, 780 F.3d at 638–39. However, it is not a "categorical rule" that the ALJ must always include the moderate limitation in an RFC; instead, the ALJ must only address the mental limitations in the RFC or provide an explanation for omitting it. *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). In *Shinaberry*, the Fourth Circuit explained that the ALJ at issue, unlike in *Mascio*, addressed plaintiff's disability, "including her moderate limitations in concentration, persistence, or pace," and explained why evidence of the record supported the identified limitation. *Id.* at 122. The ALJ's finding with regard to plaintiff's mental limitation and her RFC were thus "sufficiently explained and supported by substantial evidence in the record." *Id.*

In particular, this Court has previously opined an ALJ's obligations for the RFC when including an off-task time limitation. *See Brian L. v. Comm'r, Soc. Sec. Admin.*, No. CV DLB-19-197, 2020 WL 1814205, at *3 (D.Md. Apr. 9, 2020); *Williams v. Berryhill*, No. CV TMD 17-1083,

9

2018 WL 3092273, at *6 (D.Md. June 22, 2018); *Kane v. Comm'r, Soc. Sec. Admin.*, No. CV SAG-17-1252, 2018 WL 2739961, at *1 (D.Md. May 14, 2018); *Free v. Colvin*, No. TMD-15-1359, 2016 WL 5661651, at *6 (D.Md. Sept. 30, 2016). In each case, the Court required the ALJ provide an explanation for its conclusion that plaintiffs would be off task for a percentage of the workday. In *Brian L.*, the Court found that the ALJ had failed to do so, explaining:

> [T]he ALJ failed to provide "an accurate and logical bridge" between the evidence he discussed, his finding that Plaintiff had a "moderate limitation" in "concentrating, persisting, or maintaining pace," and his RFC determination that Plaintiff would be off task 5% of the time. Stated differently, the ALJ did not explain how the medical opinions to which he gave partial weight, along with his observations regarding Plaintiff's attentiveness at the hearing and ability to drive, translated into a determination that Plaintiff could stay on task for at least 95% of an eight-hour workday. An explanation of how that percentage was calculated is significant, since a six percent increase could preclude competitive employment.

2020 WL 1814205, at *3 (citations omitted). The Court concluded that it was unable, without greater explanation, to assess how the ALJ analyzed plaintiff's mental limitations in the RFC and thus remanded for further analysis. *Id.*

Similarly, in *Williams*, the Court concluded that the ALJ did not "*both* identify evidence that support[ed] his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion,'" and thus failed to explain how plaintiff's moderate difficulties in maintaining concentration, persistence, or pace allowed him to remain on task for 90% of the workday. 2018 WL 3092273, at *6 (alterations and emphasis in original) (citing *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018)). It is clear, then, based on this Court's prior decisions that an RFC requiring off-task time must be supported by evidence that provides a bridge to that end, including where a moderate limitation in concentration, persistence, or pace has been identified at step three.

Here, the ALJ concluded that Plaintiff had a moderate limitation in concentrating, persisting, or maintaining pace. ECF No. 12-3 at 14–15. In reaching that conclusion, she relied on

Plaintiff's ability to answer questions at the hearing and the finding in a 2018 mental health assessment that she had good and intact concentration, as well as no diagnosed thought disorder. *Id.* at 14; *see* ECF No. 12-8 at 586–87 (detailing Plaintiff's diagnostic assessment that stated she had no thought disorder and "[c]ognitive [f]unctioning" within normal limits). The ALJ balanced this evidence with Plaintiff's testimony about difficulty concentrating and maintaining focus, little interest and energy, trouble sleeping, failing to attend appointments, losing things, failing to complete tasks, and losing a job due to "wondering." ECF No. 12-3 at 14–15. The ALJ's RFC analysis concluded that her statements about the intensity, persistence, and limiting effects of her symptoms, including reports of trouble concentrating at multiple evaluations were inconsistent with evidence of her ability to finds jobs, attend meetings, and take her medications. *Id.* at 18–19. In her analysis, the ALJ referenced the time off task limitation twice: in relation to Plaintiff's leg and constant fatigue symptoms and in relation to Plaintiff's ability to "perform sedentary work with postural, environmental, and mental limitations with time off-tasks." *Id.* at 18, 20. It is thus not clear to the Court that the ALJ, as Defendant argues, concluded the time off work limitation was solely related to her physical impairments. *See* ECF No. 19-1 at 8.

Because the ALJ determined an RFC that included a time off task in the workday limitation, she was obligated to build a bridge between the evidence and the conclusion. *See Brian L.*, 2020 WL 1814205, at *3; *Williams*, 2018 WL 3092273, at *6. The ALJ failed to do that here, first, because the reviewing Court is unable to determine what evidence of the record was used to support the ALJ's conclusion that Plaintiff was limited by 5% time off-work. Moreover, the case law in this jurisdiction makes clear that the ALJ was required to explain why Plaintiff's moderate limitation did not translate into a limitation in Plaintiff's RFC or provide an explanation for omitting it. *See Mascio*, 780 F.3d at 638–39; *Shinaberry*, 952 F.3d at 121. The ALJ here may have

11

had substantial evidence to omit Plaintiff's moderate limitation from the RFC limitations, or perhaps even accounted for the limitation in the RFC, however such a conclusion was not made clear in her decision. Like in *Brian L.*, the time off task finding is significant because it could "preclude competitive employment." *See* 2020 WL 1814205, at \*3; ECF No. 12-3 at 62 (showing that the vocational expert stated that if Plaintiff's time off task were 15% of the time, "there would be no work"). With both of these issues, the ALJ's decision may be supported by the evidence, but without the "accurate and logical bridge" between the evidence and the conclusion, this Court is unable to determine whether the decision was supported by substantial evidence. *See Brian L.*, 2020 WL 1814205, at \*3; *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). Thus, remand is warranted.

**CONCLUSION**

The Court thus finds that the ALJ failed to properly evaluate the evidence on record and did not provide substantial evidence to support the finding that Plaintiff was "not disabled" within the meaning of the Act. Therefore, based on the foregoing and pursuant to 42 U.S.C. § 405(g), Plaintiff's Motion for Summary Judgment (ECF No. 16) is GRANTED, Defendant's Motion for Summary Judgment (ECF No. 19) is DENIED, and the decision of the SSA is REVERSED due to inadequate analysis. This case is REMANDED for further proceedings in accordance with this opinion.

Date: *14 October 2021*

A.  David Copperthite
United States Magistrate Judge